HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN TORRES-SANDOVAL,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. C16-1000-RAJ<br><br>ORDER |

This matter comes before the Court on Petitioner Jonathan Torres-Sandoval's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. Dkt. # 1. For the reasons that follow, the Court **DENIES** Mr. Torres-Sandoval's motion.

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion to vacate, set aside, or correct his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."

Under 28 U.S.C. § 2253(c), there is no right to appeal from a final order in a proceeding under section 2255 unless a circuit judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B).

Mr. Torres-Sandoval's motion is based upon *Johnson v. United States*, 135 S.Ct. 2551 (2015); Mr. Torres-Sandoval argues that the sentence he received for a firearm charge are subject to review based on Supreme Court precedent.  *See, generally*, Dkt. # 1. To qualify for a sentence reduction under *Johnson*, Mr. Torres-Sandoval must show that he was sentenced under the residual clause of the Armed Career Criminal Act (ACCA). *See Johnson*, 135 S.Ct. 2551; *see also Beckles v. United States*, No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017) (finding that *Johnson* does not extend to those sentenced under a similarly worded clause in the Sentencing Guidelines).

According to Mr. Torres-Sandoval's Pre-Sentence Report, he was charged under the Controlled Substances Act and the ACCA.  CR12-217, Dkt. # 144.  However, his ACCA related charge for using a firearm was based on a drug trafficking crime, not a "crime of violence."  *Id.*; 18 U.S.C. § 924(c).  The residual clause is based on the latter, and therefore *Johnson* has no application in this context.

For the all the foregoing reasons, the motion is **DENIED**.  Dkt. # 1, 5.  The Court directs the Clerk to **DISMISS** this action.  The Court finds that reasonable jurists would not debate the resolution of this motion.  Accordingly, the Court declines to issue a certificate of appealability.  *See* Fed. R. Governing § 2255 Proceedings, Rule 11(a); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 20th day of March, 2017.

_____
The Honorable Richard A. Jones
United States District Judge